Hearing Date: September 29, 2015
Hearing Time: 10:00 a.m. (EST)

MEDINA LAW FIRM LLC
641 Lexington Avenue
Thirteenth Floor
New York, NY 10022
Tel. (212) 404-1742
Fax. (888) 833-9534

*Counsel to the Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Case No. 14-10702-smb |
| | : | |
| PINE TREE HOUSE, INC. D/B/A KANG SUH RESTAURANT, | : | Chapter 11 |
| | : | |
| Reorganized Debtor. | : | |

**OBJECTION TO CLAIM OF NEW YORK CITY DEPARTMENT OF FINANCE**

TO:  THE HONORABLE STUART M. BERNSTEIN
      UNITED STATES BANKRUPTCY JUDGE:

Pine Tree House, Inc., d/b/a Kang Suh Restaurant (the "Reorganized Debtor"), by and through its counsel MEDINA LAW FIRM LLC, respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This proceeding has been initiated pursuant to §§105 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, (the "Bankruptcy Code"), and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

1

**BACKGROUND**

4. On or about March 20, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in possession of its property and the management of its business affairs as debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code. No trustee or examiner, or official committee of unsecured creditors, has been appointed.

5. Based upon a review of its books and records, the Debtor filed its schedules of assets and liabilities and a statement of financial affairs on April 3, 2014 (as amended, the "Schedules"). The Schedules list the New York City Department of Finance ("NYC") as an unsecured creditor of the Debtor in the amount of $4,067.33.

6. Pursuant to an Order of the Bankruptcy Court entered on May 14, 2014 (the "Bar Date Order"), June 24, 2014 was established as the last date by which creditors may file proofs of claim in the chapter 11 case ("Bar Date").

7. On June 13, 2014, NYC timely filed a proof of claim in the amount of $1,034,298.24 [Claim No. 18]. A copy of Claim No. 18 is annexed to the Declaration of Ja Bun Kwak dated August 20, 2015 (the "Kwak Declaration") as **Exhibit 5**. A copy of the Kwak Declaration is annexed hereto as **Exhibit A**. Claim No. 18 purports to be based upon commercial rent tax owed from June 1, 1984 through March 20, 2014 of which $152,892.01 is principal, $848,183.22 is interest, $33,223.01 is penalty. NYC alleges in Claim No. 18 that it arrived at the amount asserted by use of tax returns filed, audit, and estimated taxes.

8. On May 21, 2015 the Court entered an Order confirming the Debtor's Plan of Reorganization [Docket No. 128]. The deadline to object to claims filed against the Debtor's estate is August 20, 2015.

9. As represented in the Kwak Declaration, Claim No. 18 conflicts with the Debtor's books and records and with the Debtor's properly filed Schedules and tax returns. Further, NYC provided no documents supported the alleged bases supporting its claim. As such, Claim No. 18 should be reduced.

## BASIS FOR RELIEF REQUESTED

10. The Debtor files this Objection pursuant to §§105 and 502 of the Bankruptcy Code, and Rules 3001 and 3007 of the Bankruptcy Rules, seeking entry of an order expunging Claim No. 18.

11. Bankruptcy Rule 3001(f) provides that "[a] proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute *prima facie* evidence of the validity and amount of the claim" under Bankruptcy Code section 502(a). Fed. R. Bankr. P. 3001(f). *See In re Marian T. Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, n.13 (Bankr. S.D.N.Y. 2000). A proof of claim is "deemed allowed, unless a party in interest…objects." 11 U.S.C. §502(a). To receive the benefit of *prima facie* validity under Bankruptcy Rule 3001(f), however, "the proof of claim must 'set forth facts necessary to support the claim.'" *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988).

12. Bankruptcy Rule 3007 provides, in relevant part:

> (a) An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing.

Fed. R. Bankr. P. 3007.

13. If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229(DC), 2010 WL 234827, at *3

3

(S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockerfeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

14.   A party objecting to the proof of claim must only provide evidence sufficient to negate the *prima facie* validity of the claim by refuting one or more of the facts in the filed claim. *In re Waterman Steamship Corp.*, 200 B.R. 770 (Bankr. S.D.N.Y. 1996). Once this occurs, "the burden reverts to the claimant to prove the validity of the claim by preponderance of the evidence." *In re WorldCom, Inc.*, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. 2005) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)); *see also In re St. Johnsbury Trucking Co.*, 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997). A claimant must prove the claim, not sit back while the objector attempts to disprove it. *In re Bennett*, 83 B.R. 248, 252 (Bankr. S.D.N.Y. 1988).

## **OBJECTION**

15.   NYC asserts a claim in the amount of $1,034,298.24 purportedly based upon commercial rent tax owed from June 1, 1984 through March 20, 2014. NYC claims to have derived its claim amount from tax returns filed, audit and estimated taxes. No backup is provided with Claim No. 18 to support the alleged amount owed. Accordingly, Claim No. 18 is not entitled to the presumption of *prima facie* validity provided by Bankruptcy Rule 3001(f).

16.   Further, the amount alleged in Claim No. 18 is contradicted by the Debtor's own books and records, its properly filed Schedules and its actual tax returns.

17.   Based upon the Debtor's books and records and filed tax returns, Claim No. 18 is both unsecured and overstated, as shown by the Debtor's subsequent rent tax returns.

Accordingly, the Debtor believes that Claim No. 18 should be reduced to $4,067.33.

## **RESERVATION OF RIGHTS**

18.     Without limiting the generality of the foregoing, the Debtor specifically reserves the right to pursue its defenses to Claim 18 in any related state court litigation, and to file additional papers in support of this Objection or take other appropriate actions, including to: (a) respond to any allegation or defense that may be raised in a response to the Objection; and (b) object further to Claim 18 based on additional information that may be discovered upon further review by the Debtor or through discovery pursuant to the Bankruptcy Rules.

19.     No prior request for the relief sought herein has been made to this or any other court.

## **NOTICE**

20.     Pursuant to Rule 3007(a) of the Bankruptcy Rules, this Objection and all exhibits thereto have been served upon: (i) New York City Department of Finance, TP&P Division/Office of Tax Audits, 345 Adams Street, Fifth Floor, Brooklyn, New York 11201; (ii) the Office of the United States Trustee, 21 Whitehall Street, 21st Floor, New York, New York 10004, (iii) NewBank, c/o Meyer Souzzi English & Klein, PC, 1350 Broadway, Suite 501, New York, New York 10019, Attn: Edward J. LoBello, Esq.; and (iv) parties having filed notices of appearance in this chapter 11 case. The Debtor submits that such notice of this Objection is good and sufficient, and no other or further notice of this Objection is necessary or required.

## **CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order substantially in the form annexed hereto as **Exhibit B** reducing Claim No. 18 to $4,067.33 and granting such other and further relief as is just and proper.

Dated: New York, New York
August 20, 2015

Respectfully submitted,

/s/ *Eric S. Medina*
Eric S. Medina, Esq.
Adrienne Woods, Esq.
MEDINA LAW FIRM LLC
641 Lexington Avenue
Thirteenth Floor
New York, NY 10022
Tel. (212) 404-1742
Fax (888) 833-9534
emedina@medinafirm.com