MEDINA LAW FIRM LLC
641 Lexington Avenue
Thirteenth Floor
New York, NY 10022
Tel.  (212) 404-1742
Fax.  (888) 833-9534

*Attorneys to Pine Tree House, Inc.,*
*Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 14-10702-smb |
| PINE TREE HOUSE, INC. D/B/A KANG SUH RESTAURANT, | Chapter 11 |
| Reorganized Debtor. | |
| PINE TREE HOUSE, INC. D/B/A KANG SUH RESTAURANT, | |
| Plaintiff, | Adversary Proceeding No. 16-_____ |
| v. | |
| GENESIS QUALITY CONSTRUCTION SERVICE INC., NICK KWAK, a/k/a SEUNG KWAK and JA BUN KWAK, | |
| Defendants. | |

**COMPLAINT TO RECOVER AVOIDABLE TRANSFERS**

Pine Tree House, Inc., d/b/a Kang Suh Restaurant, as reorganized debtor-in-possession (the "Debtor", or "Plaintiff"), by and through its undersigned counsel, files this complaint (the "Complaint") to avoid and recover certain transfers of property of the estate made by the Debtor to or for the benefit of Genesis Quality Construction Service Inc. ("Genesis"), Nick Kwak, a/k/a Seung Kwak ("Mr. Kwak") and Ja Bun Kwak ("Mrs.

Kwak," with Genesis and Mr. Kwak, the "Defendants") and respectfully alleges as follows:

## NATURE OF THE ACTION

1. This Complaint seeks a money judgment relating to that certain avoidable transfer identified on **Exhibit A1** hereto in the amount of $280,108.13 (the "Transfer").

2. Plaintiff seeks entry of a judgment against Defendants: (i) avoiding, pursuant to 11 U.S.C. §§ 544(b) and 548, any transfers that may have been fraudulent conveyances; (ii) preserving for the benefit of the estate the Transfer or the value thereof pursuant to 11 U.S.C. § 551; (iii) pursuant to 11 U.S.C. § 550(a), directing Defendant to pay Plaintiff an amount to be determined at trial that is not less than the amount of the Transfer, plus interest and costs; and (iv) pending such payment, disallowing any claim of Defendant against the Debtor pursuant to 11 U.S.C. § 502(d) ("Section 502").

3. To the extent that Defendants filed proofs of claim or have claims listed on the Debtor's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtor's estate (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason including, but not limited to, Section 502, and such rights are expressly reserved.[1]

---

[1] Indeed, Defendant did file a proof of claim numbered 22 ("Claim No. 22") in the amount of $244,000.00. Plaintiff previously objected to Claim No. 22 on August 20, 2015, and subsequently amended its objection to specifically include reference to the transfer at issue in this complaint.

## JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the Southern District of New York (the "Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, and 1334(b).

5. The statutory and legal predicates for the relief sought herein are sections 502, 544, 548, 549, 550 and 551 of title 11 of the United States Code, §§ 101 - 1532 (the "Bankruptcy Code") and Rules 3007 and 7003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

6. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7. Venue in this district is proper pursuant to 28 U.S.C. § 1409.

## THE PARTIES

8. The Debtor is a Korean restaurant, Kang Suh, located at 32nd Street and Broadway in New York City.

9. Genesis is a company wholly owned by Mr. Kwak. Upon information and belief, Genesis was incorporated under the laws of New York and does not currently conduct business.

10. Mr. Kwak is an individual who is the son of the post-confirmation minority owner of the Debtor who, upon information and belief, resides in the City of New York.

11. Mrs. Kwak is currently the minority owner of 25% of the Debtor who, prior to the Petition Date owned 100% of the Debtor.

## PROCEDURAL AND FACTUAL BACKGROUND

**Background**

12. On March 20, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in possession of its property and the management of its business affairs as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee or examiner, or official committee of unsecured creditors, has been appointed.

13. On August 20, 2015, the Debtor objected to Claim No. 20 filed by Noah Bank, which claim was based upon monies loaned to the Debtor. The Debtor's objection was based upon the fact that, based upon the Debtor's books and records, the proceeds from the loan made by Noah Bank were disbursed largely to nondebtor entities.

14. Noah Bank filed a response to the Debtor's objection to Claim No. 20, including supporting documents, on September 21, 2015. [Docket No. 155]. The supporting documents provided for the first time evidenced that, while payments were made to nondebtor entities, such payments were made at the direction of Mrs. Kwak. Further, Mr. Kwak also appears to have received loan proceeds through Genesis. Genesis is wholly-owned by Mr. Kwak. Certain of the funds were kept by Mr. Kwak, while some amount of the proceeds were transferred by Mr. Kwak to other persons and entities including but not limited to Mrs. Kwak.

15. Based upon information uncovered by Noah Bank in discovery, it came to light that: (i) Mr. Kwak is the president and sole officer of Genesis who is authorized to withdraw money from the Genesis bank account; (ii) Mr. Kwak deposited a check in the amount of $280,108.13 received from Noah Bank at the direction of Mrs. Kwak into the

Genesis bank account (see **Exhibits A1**, **A2** and **A3**); and (iii) Mr. Kwak proceeded to spend the loan proceeds transferred to him primarily for personal expenditures unrelated to the Debtor which included transfers that he then made to Mrs. Kwak.[2]  See **Exhibit A4** annexed hereto.

16. Having determined that $280.108.13 of the proceeds of the loan made by Noah were transferred to Genesis, and that subsequently the money was spent by Genesis at the direction of Mr. Kwak, which expenditures included, among others, transfers made to Mrs. Kwak, Plaintiff seeks to avoid and recover the Transfer or its value for the benefit of the estate.

17. To the extent that the Debtor's records do not accurately identify all transfers made by the Plaintiff to Defendants that constitute a transfer in the Debtor's property, including but not limited to any transfers that cleared post-petition, Plaintiff reserves its right to amend this Complaint to include: (i) further information regarding the Transfer; (ii) additional transfers; (iii) modifications of and/or revision of Defendants' names or identities; (iv) additional defendants; and/or (v) additional causes of action (collectively, the "Amendments") as may become known to Plaintiff at any time during the pendency of this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

### COUNT I – TO AVOID FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548 & 544(b)

18. Plaintiff adopts and incorporates by reference the allegations in the paragraphs above as if fully set forth herein.

---

[2] Based upon its findings, Noah Bank filed a claim in the Superior Court of New Jersey, Law Division, Bergen County, against Genesis, Mr. Kwak and Mrs. Kwak alleging fraud among other things.  Docket No. BER-L-7520-15.

19. The Transfer was made within two (2) years prior to the Petition Date.

20. The Transfer was made to, or for the benefit of, Defendants.

21. Upon information and belief the Debtor (i) did not receive reasonably equivalent value in exchange for the Transfer because no goods or services were received in exchange for the Transfer; and (ii) the Debtor: (a) was insolvent on the date of the Transfer or became insolvent as a result of the Transfer; and/or (b) was engaged in a business or transaction for which any property remaining with the Debtor was unreasonably small capital at the time of, or as a result of, the Transfer; and/or (c) the Debtor intended to incur, or believed that it would incur, debts that would be beyond its ability to pay such debts as they matured.

22. By reason of the foregoing, the Transfer should be avoided and set aside as fraudulent.

### COUNT II – TO PRESERVE PROPERTY PURSUANT TO 11 U.S.C. § 551

23. Plaintiff adopts and incorporates by reference the allegations in the paragraphs above as if fully set forth herein.

24. The Transfer is property of the estate of the Debtor.

25. Therefore the Transfer, or the value thereof, should be preserved for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 551.

### COUNT III – TO RECOVER AVOIDABLE TRANSFERS PURSUANT TO 11 U.S.C. § 550

26. Plaintiff adopts and incorporates by reference the allegations in the paragraphs above as if fully set forth herein.

27. Plaintiff is entitled to avoid the Transfer pursuant to 11 U.S.C. § 548.

28. Upon information and belief, Defendants were the immediate or mediate transferees of the Transfer, or the persons for whose benefit the Transfer was made.

29. Upon information and belief, each of the Defendants received some or all of the amounts set forth in Exhibit A hereto.

30. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendants an amount to be determined at trial that is not less than $280,108.13, plus interest thereon to the date of payment plus the costs of this action.

## COUNT IV – TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

31. Plaintiff adopts and incorporates by reference the allegations in the paragraphs above as if fully set forth herein.

32. Defendants are persons from whom property is recoverable pursuant to 11 U.S.C. § 550.

33. Defendants were the mediate or immediate transferees of the Transfers, or the person for whose benefit all Transfers were made.

34. Defendants have not paid the amount of the Transfers, or turned over such property, for which Defendants are liable pursuant to 11 U.S.C. § 550.

35. Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendants and/or their assignees against the Debtor's chapter 11 estate must be disallowed until such time as Defendants pay to Plaintiff all amounts sought in this Complaint.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court enter judgment against Defendants:

    a. avoiding all Transfers pursuant to 11 U.S.C. §§ 548 and 544(b) and/or 11 U.S.C. § 549;

    b.    preserving for the benefit of the Debtor's estate all Transfers or the value thereof pursuant to 11 U.S.C. § 551;

    c.    pursuant to 11 U.S.C. § 550(a), directing Defendants to pay to Plaintiff an amount to be determined at trial that is not less than $280,108.13, plus interest and costs;

    d.    disallowing any claim of Defendants against the Debtor pursuant to 11 U.S.C. § 502(d);

    e.    awarding pre-judgment interest at the maximum legal rate running from the date of Plaintiff's first demand to return all Transfers to the date of judgment with respect to this Complaint (the "Judgment") herein;

    f.    awarding post-Judgment interest at the maximum legal rate running from the date of the Judgment until the date upon which the Judgment is satisfied in full, plus costs;

    g.    requiring Defendants to pay forthwith the amount of the Judgment; and

    h.    granting Plaintiff such other and further relief as is just and proper.

Dated: New York, New York
       March 3, 2016

MEDINA LAW FIRM LLC

By: */s/Adrienne Woods*
Eric S. Medina, Esq.
Adrienne Woods, Esq.
641 Lexington Avenue
Thirteenth Floor
New York, NY 10022
Tel. (212) 404-1742
Fax (888) 833-9534
emedina@medinafirm.com
awoods@medinafirm.com
*Attorneys to Pine Tree House, Inc., Reorganized Debtor*