Hearing Date: March 15, 2015  
Hearing Time: 10:00 a.m. (EST)

MEDINA LAW FIRM LLC
641 Lexington Avenue
Thirteenth Floor
New York, NY 10022
Tel. (212) 404-1742
Fax. (888) 833-9534

*Counsel to the Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Case No. 14-10702-smb |
| | : | |
| PINE TREE HOUSE, INC. D/B/A KANG SUH RESTAURANT, | : | Chapter 11 |
| | : | |
| Reorganized Debtor. | : | |

**OBJECTION TO WITHDRAWAL OF PROOF OF CLAIM NO. 16**

TO:   THE HONORABLE STUART M. BERNSTEIN
      UNITED STATES BANKRUPTCY JUDGE:

Pine Tree House, Inc., d/b/a Kang Suh Restaurant (the "Debtor"), by and through its counsel MEDINA LAW FIRM LLC, as and for its objection to CAN Capital, Inc.'s ("CAN") withdrawal of proof of claim no. 16 ("Claim No. 16") respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This proceeding has been initiated pursuant to §§105 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, (the "Bankruptcy Code"), and Rules 3001 and 3006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

{00040417 }

**BACKGROUND**

4.      On or about March 20, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor has continued in possession of its property and the management of its business affairs as debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.  No trustee or examiner, or official committee of unsecured creditors, has been appointed.

5.      Based upon a review of its books and records, the Debtor filed its schedules of assets and liabilities and a statement of financial affairs on April 3, 2014 (as amended, the "Schedules").  The Debtor listed CAN Capital Inc. in its Schedules as an unsecured creditor holding a claim in the amount of $154,597.26.

6.      Pursuant to an Order of the Bankruptcy Court entered on May 14, 2014 (the "Bar Date Order"), June 24, 2014 was established as the last date by which creditors may file proofs of claim in the chapter 11 case ("Bar Date").

7.      On or around June 19, 2014, CAN filed Claim No. 16 alleging a secured claim against the Debtor in the amount of $153,766.09.  The basis for Claim No. 16 is alleged to be monies loaned to the Debtor.

8.      On May 21, 2015 the Court entered an Order confirming the Debtor's Plan of Reorganization [Docket No. 128].  The deadline to object to claims filed against the Debtor's estate is August 20, 2015.

9.      On August 20, 2015, the Debtor filed its Objection (the "Objection") to Claim of CAN Capital Inc. alleging, *inter alia*, that based upon the Debtor's books and records CAN charged criminally usurious interest on the monies allegedly loaned by CAN to the Debtor and, as such, the Debtor received less than reasonably equivalent value for the monies the Debtor

repaid under the loan. The Debtor intends to file an adversary proceeding (the "Avoidance Action") to avoid the transfers made to CAN under section 548 of the Bankruptcy Code.

10. On February 9, 2016, CAN filed its Notice of Withdrawal (the "Notice of Withdrawal") of Claim No. 16. [Docket No. 184]

11. While the Debtor believes that based upon the issues above Claim No. 16 should be denied, the Debtor seeks to ensure the ongoing personal jurisdiction of this Court over CAN pending a final determination of the Avoidance Action.

## OBJECTION

12. CAN submitted to the personal jurisdiction of this Court with respect to litigation concerning the claims allowance process when it filed Claim No. 16. *See In re Lehman Brothers Holdings Inc.*, 544 B.R. 16, 36 (Bankr. S.D.N.Y. 2015). CAN empowered this Court to make a determination as to its validity as a creditor. *Id.* at 35. The Debtor's Objection sought to disallow Claim No. 16, in part, pursuant to section 502(d) based upon a constructively fraudulent transfers related to usurious interest rates for monies loaned by CAN to the Debtor. As such, a determination of the fraudulent conveyance claim against CAN is pertinent to a determination of the validity of CAN's status as a creditor.

13. A proof of claim that is withdrawn as of right prior to the commencement of an adversary proceeding is insufficient to establish personal jurisdiction. *See In re Lehman Brothers Holdings Inc.*, 544 B.R. at 34. However, CAN's Notice of Withdrawal was insufficient to effect withdrawal of Claim No. 16 because the Debtor filed the Objection.

14. Pursuant to Bankruptcy Rule 3006, CAN is not entitled to withdraw Claim No. 16 by mere notice because the Debtor filed the Objection. Fed. R. Civ. P. 3006.

15. Bankruptcy Rule 3006 provides, in pertinent part:

> A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession . . . .

Fed. R. Bankr. P. 3006.

16. As stated above, the Debtor timely filed its Objection to Claim No. 16. Further, concurrently with this Objection, the Debtor is filing the Avoidance Action. Accordingly, CAN is not entitled to withdraw Claim No. 16 based upon its Notice of Withdrawal alone and as such this Court retains personal jurisdiction over CAN.

## **RESERVATION OF RIGHTS**

17. The Debtor specifically reserves the right to supplement and amend this objection to the extent that it becomes aware of additional relevant information that may be discovered upon further review by the Debtor or through discovery pursuant to the Bankruptcy Rules.

18. No prior request for the relief sought herein has been made to this or any other court.

## **NOTICE**

19. This Objection has been served upon: (i) CAN Capital Inc., 414 West 14th Street, Third Floor, New York, New York 10014, Attn: Terri W. Hallman; (ii) the Office of the United States Trustee, 21 Whitehall Street, 21st Floor, New York, New York 10004, (iii) NewBank, c/o Meyer Souzzi English & Klein, PC, 1350 Broadway, Suite 501, New York, New York 10019, Attn: Edward J. LoBello, Esq.; and (iv) parties having filed notices of appearance in this chapter 11 case. The Debtor submits that such notice of this Objection is good and sufficient, and no other or further notice is necessary or required.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order substantially in the form annexed hereto as **Exhibit A** denying CAN's right to withdraw Claim No. 16 based upon its Notice of Withdrawal and granting such other and further relief as is just and proper.

Dated: New York, New York
       March 3, 2016                              Respectfully submitted,

                                                  */s/ Adrienne Woods*
                                                  Eric S. Medina, Esq.
                                                  Adrienne Woods, Esq.
                                                  MEDINA LAW FIRM LLC
                                                  641 Lexington Avenue
                                                  Thirteenth Floor
                                                  New York, NY 10022
                                                  Tel. (212) 404-1742
                                                  Fax (888) 833-9534
                                                  emedina@medinafirm.com
                                                  awoods@medinafirm.com