**Hearing Date: April 12, 2016**
**Hearing Time: 10:00 a.m. (EST)**

MEDINA LAW FIRM LLC
641 Lexington Avenue
Thirteenth Floor
New York, NY 10022
Tel. (212) 404-1742
Fax. (888) 833-9534

*Counsel to the Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Case No. 14-10702-smb |
| | : | |
| PINE TREE HOUSE, INC. D/B/A KANG SUH RESTAURANT, | : | Chapter 11 |
| | : | |
| Reorganized Debtor. | : | |

**SECOND AMENDED OBJECTION TO CLAIM OF**
**NICK KWAK, A/K/A SEUNG KWAK**

**TO:   THE HONORABLE STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE:**

Pine Tree House, Inc., d/b/a Kang Suh Restaurant (the "Debtor"), by and through its counsel MEDINA LAW FIRM LLC, as and for its second amended objection (the "Amended Objection") to proof of claim no. 22 ("Claim No. 22") filed by Nick Kwak, a/k/a Seung Kwak ("Mr. Kwak"), respectfully represents:

**JURISDICTION AND VENUE**

1.   The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

2.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.   This proceeding has been initiated pursuant to §§105 and 502 of title 11 of the

United States Code, 11 U.S.C. §§ 101, *et seq.*, (the "Bankruptcy Code"), and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

**General Background**

4. On March 20, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in possession of its property and the management of its business affairs as debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code. No trustee or examiner, or official committee of unsecured creditors, has been appointed.

5. Based upon a review of its books and records, the Debtor filed its schedules of assets and liabilities and a statement of financial affairs on April 3, 2014 (as amended, the "Schedules"). The Schedules do not list Mr. Kwak as a creditor.

6. Pursuant to an Order of the Bankruptcy Court entered on May 14, 2014 (the "Bar Date Order"), June 24, 2014 was established as the last date by which creditors may file proofs of claim in the chapter 11 case ("Bar Date").

7. On June 19, 2014, Mr. Kwak timely filed a proof of claim in the amount of $244,000.00 [Claim No. 22]. Claim No. 22, which purports to be a secured claim, alleges as its basis "Contribution indemnification for claim of Yhung Gyung Kang."

8. On May 21, 2015 the Court entered an Order confirming the Debtor's Plan of Reorganization [Docket No. 128]. The deadline to object to claims filed against the Debtor's estate was August 20, 2015.

9. On August 20, 2015, the Debtor filed its initial objection (the "Initial Objection") to Claim No. 22 based upon the premise that Claim No. 22 was not valid because it was based

2

upon Mr. Kwak's guaranty of Claim No. 21, filed by Yhung Gyung Kang ("Mr. Kang"), which itself appeared to be invalid.

### The Amended Objection

10. Subsequently, the Debtor withdrew its objection to Claim No. 21 and amended the Initial Objection (the "Amended Objection") [Docket No. 186] to include the allegation that Mr. Kwak's Claim No. 22 was invalid because he received funds from Noah that were intended for the Debtor and thus his claim is barred by section 502(d).

11. The Debtor also had objected to Claim No. 20 filed by Noah Bank, which claim was based upon monies loaned to the Debtor. The Debtor's objection was based upon the fact that its books and records indicated that the proceeds from the loan made by Noah Bank were disbursed largely to nondebtor entities.

12. Noah Bank filed a response to the Debtor's objection to Claim No. 20, including supporting documents, on September 21, 2015. [Docket No. 155] The supporting documents provided for the first time evidenced that, while payments were made to nondebtor entities, such payments were made at the direction of Mrs. Kwak. Further, Mr. Kwak also appears to have received loan proceeds through a company called Genesis Quality Construction Service Inc. ("Genesis"). Genesis is wholly-owned by Mr. Kwak.

13. Based upon information uncovered by Noah Bank in discovery, it came to light that: (i) Mr. Kwak is the president and sole officer of Genesis who is authorized to withdraw money from the Genesis bank account; (ii) Mr. Kwak deposited a check in the amount of $280,108.13 received from Noah Bank at the direct of Mrs. Kwak into the Genesis bank account; and (iii) Mr. Kwak proceeded to spend the loan proceeds transferred to him primarily

for personal expenditures unrelated to the Debtor.[1]

14. Thus, in addition to filing the Amended Objection, on the Debtor filed an avoidance action against Mr. Kwak, along with Mrs. Kwak and Genesis [Adv. No. 16-01034] seeking to recover $280,000 pursuant to section 548 of the Bankruptcy Code.[2]

**BASIS FOR RELIEF REQUESTED**

15. The Debtor files this Second Amended Objection pursuant to §§105 and 502 of the Bankruptcy Code, and Rules 3001 and 3007 of the Bankruptcy Rules, seeking entry of an order expunging Claim No. 22 solely on the basis of the fraudulent transfer received by Mr. Kwak and removing the objection that Mr. Kwak's Claim No. 22 is invalid as a guaranty of the loan made by Mr. Kang as asserted in Claim No. 21.

16. Bankruptcy Rule 3001(f) provides that "[a] proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute *prima facie* evidence of the validity and amount of the claim" under Bankruptcy Code section 502(a). Fed. R. Bankr. P. 3001(f). *See In re Marian T. Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, n.13 (Bankr. S.D.N.Y. 2000). A proof of claim is "deemed allowed, unless a party in interest…objects." 11 U.S.C. §502(a). To receive the benefit of *prima facie* validity under Bankruptcy Rule 3001(f), however, "the proof of claim must 'set forth facts necessary to support the claim.'" *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988).

17. Bankruptcy Rule 3007 provides, in relevant part:

> (a) An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in

---

[1] Based upon its findings, Noah Bank filed a claim in the Superior Court of New Jersey, Law Division, Bergen County, against Genesis, Mr. Kwak and Mrs. Kwak alleging fraud among other things. Docket No. BER-L-7520-15.

[2] While the Debtor filed an avoidance action against Mr. Kwak, in an abundance of caution the Debtor is filing this amendment rather than pursuing the claim objection as part of the adversary proceeding to ensure that the objection will relate back to the Initial Claim Objection.

4

possession and the trustee at least 30 days prior to the hearing.
Fed. R. Bankr. P. 3007.

18. If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229(DC), 2010 WL 234827, at *3 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockerfeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

19. A party objecting to the proof of claim must only provide evidence sufficient to negate the *prima facie* validity of the claim by refuting one or more of the facts in the filed claim. *In re Waterman Steamship Corp.*, 200 B.R. 770 (Bankr. S.D.N.Y. 1996). Once this occurs, "the burden reverts to the claimant to prove the validity of the claim by preponderance of the evidence." *In re WorldCom, Inc.*, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. 2005) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)); *see also In re St. Johnsbury Trucking Co.*, 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997). A claimant must prove the claim, not sit back while the objector attempts to disprove it. *In re Bennett*, 83 B.R. 248, 252 (Bankr. S.D.N.Y. 1988).

## OBJECTION

### Mr. Kwak Received a Fraudulent Transfer

20. Mr. Kwak received a fraudulent transfer and thus is barred from recovering any funds from the estate under section 502(d). Section 502(d) provides:

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer

5

> avoidable under section 522(f), 522(h) ,544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

11 U.S.C. § 502(d).

21. Mr. Kwak received funds loaned to the Debtor by Noah Bank in the amount of $280,108.13 through his wholly-owned company, Genesis, at the direction of Mrs. Kwak. Based upon bank records produced to Noah Bank in discovery, and produced to this Court in Noah Bank's Response to the Debtor's objection to its claim, the funds received by Genesis were used primarily for the personal benefit of Mr. Kwak and Mrs. Kwak, and not for the benefit of the Debtor.

22. Section 548(a) provides, in pertinent part, that:

> (1) The trustee may avoid any transfer . . . of an interest of the debtor in property, or any obligation . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> \* \* \* \* \*
>
> (B) (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and (ii)
>
> \* \* \* \* \*
>
> (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
>
> (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured;

11 U.S.C. § 548(a).

23. The Debtor entered into a loan agreement with Noah Bank. At the direction of Mrs. Kwak, on April 24, 2012, less than two (2) years prior to the Petition Date, Noah Bank transferred

$280,108.13 of the loan proceeds borrowed by the Debtor to Genesis, of whom Mr. Kwak is the sole owner. The Debtor thus incurred an obligation in the amount of $280,108.13, but received no value for this obligation. Mr. Kwak proceeded to use the loan proceeds for his own personal benefit. Further, at the time that the transfer was made, upon information and belief, the Debtor "was engaged in business or a transaction . . . for which any property remaining with the debtor was unreasonably small capital" and/or "intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured." 11 U.S.C. § 548(a)(1)(B)(II), (III).

24.     Based on the foregoing, Mr. Kwak's claim should be denied because he received a fraudulent transfer which he has not returned to the estate.

## RESERVATION OF RIGHTS

25.     Without limiting the generality of the foregoing, the Debtor specifically reserves the right to pursue its defenses to Claim No. 22 in any related state court litigation, and to file additional papers in support of this Second Amended Objection or take other appropriate actions, including to: (a) respond to any allegation or defense that may be raised in a response to the Objection; and (b) object further to Claim No. 22 based on additional information that may be discovered upon further review by the Debtor or through discovery pursuant to the Bankruptcy Rules.

26.     The Debtor previously filed the Initial Objection and the Amended Objection seeking that Claim No. 22 be denied and expunged by this Court on August 20, 2015 and on March 3, 2016, respectively.

## NOTICE

27.     Pursuant to Rule 3007(a) of the Bankruptcy Rules, this Objection and all exhibits

thereto have been served upon: (i) counsel to Mr. Kwak, Karl Norgaard, Norgaard O'Boyle, 184 Grand Avenue, Englewood, New Jersey 07631; (ii) Nick Kwak at: (a) 1250 Broadway, New York, New York 10001-3701; and (b) 200 W. 60th Street, 27H, New York, NY 10023-8509; (iii) the Office of the United States Trustee, 21 Whitehall Street, 21st Floor, New York, New York 10004, (iv) NewBank, c/o Meyer Souzzi English & Klein, PC, 1350 Broadway, Suite 501, New York, New York 10019, Attn: Edward J. LoBello, Esq.; and (v) parties having filed notices of appearance in this chapter 11 case. The Debtor submits that such notice of this Objection is good and sufficient, and no other or further notice of this Objection is necessary or required.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order substantially in the form annexed hereto as **Exhibit A** expunging Claim No. 22 and granting such other and further relief as is just and proper.

Dated: New York, New York
March 24, 2016

Respectfully submitted,

/s/ *Adrienne Woods*
Eric S. Medina, Esq.
Adrienne Woods, Esq.
MEDINA LAW FIRM LLC
641 Lexington Avenue
Thirteenth Floor
New York, NY 10022
Tel. (212) 404-1742
Fax (888) 833-9534
emedina@medinafirm.com
awoods@medinafirm.com